Case 12-02705   Filed 11/13/13   Doc 88

**8**

SUSAN S. DAVIS (State Bar No. 125854)
RANDY P. ORLIK (State Bar No. 88025)
COX, CASTLE & NICHOLSON LLP
2049 Century Park East, 28th Floor
Los Angeles, CA 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100
Email: sdavis@coxcastle.com; rorlik@coxcastle.com

Attorneys for Defendants
Oxford Investment Partners, L.L.C. and
Walter Clarke

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>2 ANTIOCH, LLC,<br><br>    Debtor and Debtor-In-Possession.<br><br>2 ANTIOCH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ANTIOCH LOAN, LLC; OXFORD INVESTOR PARTNERS, L.L.C.; WALTER CLARKE; PAUL BUCHHEIT; WILLIAM J. MILLER AND SANDRA B. MILLER, TRUSTEES OF THE MILLER FAMILY TRUST U/A 02/07/2000; FREDERICK C. HEITMAN AND DONNA R. HEITMAN, TRUSTEES OF THE FREDERICK & DONNA HEITMAN TRUST U/A 09/09/88; JOHN BUCHHEIT; LINDA HOUGHTON; PATTY S. BEEM; DOES 1 THROUGH 25, Inclusive,<br><br>    Defendants. | Case No. 12-33698-D-11<br><br>Adv. No. 12-02705-D<br><br>Chapter 11<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br>Date: November 27, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom 34, Dept. D<br>    U.S. Bankruptcy Court<br>    501 "I" Street, 6th Floor<br>    Sacramento, CA 95814<br>Judge: Honorable Robert S. Bardwil |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
ADVERSARY PROCEEDING

Defendants Oxford Investment Partners, L.L.C. ("Oxford") and Walter Clarke ("Clarke"), by and through their counsel of record Susan S. Davis of Cox, Castle & Nicholson LLP, hereby respond to Plaintiff's Motion to Dismiss Adversary Proceeding ("Adversary Motion") filed by Plaintiff and Debtor 2 Antioch, LLC ("Debtor"), with respect to Debtor's third claim for fraudulent misrepresentation. Defendant Antioch Loan, LLC's response to the Motion, with respect to the first and second claims for declaratory relief and quiet title, is filed concurrently with this response. Although Oxford and Clarke were not named in those claims, they join in and support Antioch Loan's opposition to the Adversary Motion.

## I.

## INTRODUCTION

Debtor filed this adversary action against Oxford and Clarke (collectively, the "Oxford Defendants") alleging fraudulent misrepresentations allegedly made by the Oxford Defendants regarding the willingness and ability of certain investors represented by Oxford to provide post-petition financing to different debtors in an entirely different bankruptcy case in an entirely different bankruptcy court. Dismissal of the third claim fraudulent misrepresentation in this adversary action is appropriate because Debtor does not have standing to bring a fraudulent misrepresentation claim against the Oxford Defendants. Dismissal also is proper because Debtor is not the real party in interest with respect to that claim.

The alleged fraudulent misrepresentations in Debtor's third claim for relief purportedly were made to representatives of CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and CMR Mortgage Fund III, LLC ("Fund III", and together with Fund I and Fund II, collectively the "CMR Funds"), not to Debtor, in connection with the CMR Funds' eleventh hour attempt to secure post-confirmation financing in their bankruptcy cases, not in Debtor's bankruptcy case. Consequently, any claim based on those representations is held by the chapter 11 trustee in the CMR Funds' bankruptcy cases (the "CMR Trustee"), not by Debtor or Debtor's bankruptcy estate.

For the same reasons, if any fraudulent misrepresentation claim exists, the CMR Trustee is the real party in interest entitled to assert that claim, not Debtor. The CMR Trustee is not, however, a party to this adversary action. Moreover, no purpose would be served in giving Debtor

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

064792\5794157v1

- 2 -

RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
ADVERSARY PROCEEDING

leave to add the CMR Trustee as a party to this action. The CMR Trustee has had more than two years to make such a claim in the CMR Funds' bankruptcy cases if such a claim had any merit. However, the CMR Trustee has never done so or even identified a fraudulent misrepresentation claim as an asset of those cases.

## II.

## SUMMARY OF FACTS

In the interests of efficiency and economy, the Oxford Investors incorporate by reference the lengthy Factual and Procedural History, with citations to supporting evidence, in Antioch Loan's concurrently filed Opposition to the Adversary Motion. For purposes of this Opposition, the pertinent facts are summarized below.

In 2006, a group of investors (collectively, the "Antioch Investors") purchased and took an assignment of a loan in the original principal amount of $5.5 million, Loan No. 06-071A ("Loan A"). The Loan was secured by a first priority deed of trust ("DOT # 1"), executed by PIH-Antioch, LLC ("Original Borrower") for the benefit of Fund II. DOT # 1 was recorded as Instrument No. 2006-0351895 in the Official Records of Contra Costa County, California, which encumbered certain undeveloped real property located in Antioch, California (the "Property"). AP Docket No. 51 (Antioch Loan LLC's Exhibits in Support of Motion for Summary Judgment/Partial Summary Judgment ["MSJ Exhibit"], Nos. 1, 4-9).[1]

---

[1] Antioch Loan's summary of facts refers to documents filed in four separate bankruptcy dockets: (1) the consolidated docket in *In re CMR Fund, LLC*, U.S. Bankruptcy Court, Northern District of California, Case No. 08-32220 ("Main CMR Docket"); (2) *In re CMR Fund, LLC*, U.S. Bankruptcy Court, Northern District of California, Case No. 09-30788 ("CMR II Docket"); (3) *In re 2 Antioch, LLC*, U.S. Bankruptcy Court, Eastern District of California, Case No. 12-33698 (the "Main 2 Antioch Docket"); and (4) *2 Antioch, LLC v. Antioch Loan, LLC, et al.*, U.S. Bankruptcy Court, Eastern District of California, Adversary Proceeding Case No. 12-02705-D (the "AP Docket").

Debtor's Motion cites to and relies on the exhibits and evidence filed in support of Antioch Loan's pending motion for summary judgment. *See* AP Docket No. 77, Debtor's Points and Authorities in Support of Motion to Dismiss ("Motion to Dismiss AP") at pg. 2, fn. 1. In the interests of efficiency, economy, and convenience, and due to the shortened time for the hearing on the Adversary Motion, the Oxford Defendants rely on this same evidence that is already before this Court. If requested, the Oxford Defendants will submit the evidence separately in support of this response.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

064792\5794157v1

- 3 -

RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
ADVERSARY PROCEEDING

The Property also was encumbered by a second priority deed of trust ("DOT # 2"), executed by Original Borrower for the benefit of Fund II, which was recorded as Instrument No. 2006-0351896 in the Official Records of Contra Costa County, California, which secured a second loan, Loan No. 06-071B ("Loan B"). AP Docket No. 51 (MSJ Exhibit Nos. 1, 4-9). Fund II assigned Loan B to Fund III, and when Original Borrower defaulted on Loan B, Fund III foreclosed on DOT # 2 at a trustee's sale in August 2008, with Debtor taking title to the Property after the trustee's sale. AP Docket No. 51 (MSJ Exhibit Nos. 13-14, 17-19).

Fund I filed a voluntary chapter 11 petition on November 8, 2009, and Funds II and III filed voluntary chapter 11 petitions on March 31, 2009, in the United States Bankruptcy Court for the Northern District of California – San Francisco Division ("USBC-ND"), Case Nos. 08-32220, 09-30788 and 09 30802, respectively. Main Docket No. 62 (Declaration of Walter Clarke, ¶ 14, filed in support of Antioch Loan's Motion for Relief from the Automatic Stay). These cases were consolidated and currently are pending before the Hon. Thomas E. Carlson in the USBC-ND. *Id.*

On April 7, 2011, the USBC-ND entered an order directing the appointment of a chapter 11 trustee in the Funds' bankruptcy cases. CMR Docket No. 792. Richard M. Kipperman was appointed as the CMR Trustee. CMR Docket No. 799.

The CMR Trustee's Third Status Conference Statement filed with the USBC-ND on January 17, 2012, identified and evaluated all of the CMR Funds' assets, including the CMR Trustee's estimated value of those assets, if any, to the CMR Funds' bankruptcy estates. CMR Docket No. 950. The CMR Trustee did not identify a potential fraud claim against the Antioch Investors, Oxford or Clarke in this status conference any of these status conference reports or in any other pleading filed with the USBC-ND. *Id.*

---

Also, for documents included with Antioch Loan's motion for summary judgment, reference is made to the original docket and to the corresponding motion for summary judgment exhibit (part of AP Docket No. 51). Documents related to Antioch Loan's first motion for relief from the automatic stay, which were filed in the Main CMR Docket, are included as Defendant's Exhibits in Support of Opposition to Motion to Dismiss ("MTD Exhibit"), Nos. 7-10.

## III.

## THE THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE DEBTOR DOES NOT HAVE STANDING TO BRING ITS CLAIM FOR FRAUDULENT MISREPRESENTATION

Debtor alleges that Defendants are liable to Debtor for allegedly making fraudulent misrepresentations to the CMR Equity Committee and representatives of the CMR Funds in their bankruptcy cases. This claim for relief fails as a matter of law because Debtor does not have standing to bring the claim. Only the CMR Trustee has standing to assert such a claim.

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560, 112 S.Ct. 2130, 2136. Standing, like subject matter jurisdiction, is not subject to waiver and must be considered by federal courts even if the parties fail to raise it. *United States v. Hays* (1995) 515 U.S. 737, 742, 115 S.Ct. 2431, 2435. Standing is gauged by the specific common law, statutory or constitutional claims that a party presents, that is, "whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright* (1984) 468 U.S. 737, 752, 104 S.Ct. 3315, 3325.

The doctrine of standing is comprised of both constitutional (i.e. Article III requirements) and prudential considerations. *Gladstone Realtors v. Village of Bellwood* (1979) 441 U.S. 91, 99, 99 S.Ct. 1601, 1607. To establish a case or controversy within the meaning of Article III, the plaintiff must show, at a minimum, an injury in fact, a causal connection between the injury and the defendant's conduct or omissions, and likelihood that the injury will be redressed by a favorable decision. *Id.* In addition to Article III requirements, the federal courts have adopted prudential principles that preclude the exercise of jurisdiction over some types of cases where Article III standing exists, including the requirement that the claim must be for injury to the plaintiff's own legal rights and interests rather than the legal rights and interests of third parties. *Elk Grove Unified School District v. Newdow* (2004) 542 U.S. 1, 14, 124 S.Ct. 2301, 2312 (father lacked prudential standing to challenge school policy requiring daughter to recite the pledge of allegiance).

In bankruptcy cases, "the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate". *Estate of Spirtos v. One San Bernardino County*

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

064792\5794157v1

- 5 -

RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
ADVERSARY PROCEEDING

*Superior Court Case Numbered SPR02211*, 443 F.3d 1172, 1176 (9th Cir. 2006). *See also St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 544 (5th Cir. 2009) (the trustee has exclusive standing to bring suit on behalf of the estate for causes of action belonging to the estate); *Parker v. Wendy's Intern. Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004 ("[A] trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate"); *U.S. ex rel. Gebert v. Transport Administrative Services*, 260 F.3d 909, 914-15 (8th Cir. 2001) (holding that only the bankruptcy trustee has standing to bring a claim belonging to the bankruptcy estate); *Weiburg v. GTE Southwest Inc.*, 272 F.3d 302, 307 (5th Cir. 2001) (finding that a trustee is the real party in interest and has exclusive standing to assert claims that are property of the bankruptcy estate).

    Debtor alleges that the Oxford Defendants fraudulently misrepresented their intention and ability to provide $6,000,000 in post-petition financing to the CMR Funds in the CMR Funds' bankruptcy cases. Assuming solely for purposes of this Opposition that the Oxford Defendants made such fraudulent representations (they did not), the underlying tort is an alleged postpetition fraud against the CMR Funds' bankruptcy estates by the Oxford Defendants, not against Debtor or Debtor's estate. Any resulting harm would have been to the CMR Funds' bankruptcy estates, not to Debtor (who is not a creditor or interest holder in the CMR Funds' bankruptcy estates) or to Debtor's estate. Consequently, only the CMR Trustee would have standing to assert those claims, not Debtor. *In re Sia*, 349 B.R. 640, 657 (Bankr. HI 2006) ("Where postpetition behavior injures the bankruptcy estate, the trustee has standing to sue on behalf of the estate.").

    Therefore, because Debtor does not have standing to bring claims for alleged fraudulent misrepresentations made to the CMR Funds and their representatives in their chapter 11 cases, Debtor's third claim for fraudulent misrepresentation should be dismissed.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

064792\5794157v1

— 6 —

RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
ADVERSARY PROCEEDING

# IV.

## THE THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE DEBTOR IS NOT THE REAL PARTY INTEREST WITH RESPECT TO DEBTOR'S CLAIMS FOR FRAUDULENT MISREPRESENTATION

For the same reason that Debtor does not have standing, as discussed above in Section III, Debtor also is not the real party in interest with respect to the fraudulent misrepresentation claims.

Rule 17(a) of the Federal Rules of Civil Procedure, made applicable to bankruptcy adversary proceedings by Bankruptcy Rule 7017, provides that every action must be prosecuted in the name of the real party in interest. Rule 17(a), entitled *Real Party in Interest,* provides in relevant part:

> (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
>
> (A) an executor;
>
> (B) an administrator;
>
> (C) a guardian;
>
> (D) a bailee;
>
> (E) a trustee of an express trust;
>
> (F) a party with whom or in whose name a contract has been made for another's benefit; and
>
> (G) a party authorized by statute.
>
> \* \* \*
>
> (3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

"This rule requires that the party who brings an action actually possess, under the substantive law, the right sought to be enforced. Such a requirement is in place 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally

that the judgment will have its proper effect as res judicata.'" *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 568-69 (8th Cir. 1996) (internal citations omitted) (quoting FRCP 17(a) Advisory Committee Note); *see also Pac. Coast Agr. Export Assn'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1208 (9th Cir. 1975) ("The basic purpose of the rule requiring that every action be prosecuted by the real party in interest is to protect a defendant from subsequent similar actions by one not a party to the initial action.")

Here, if there is any merit to Debtor's allegations of fraudulent misrepresentation (and there is not), the CMR Trustee is the real party in interest to bring those claims, not Debtor. The alleged fraudulent misrepresentations were made to representatives of the CMR Funds in the context of trying to obtain post-petition financing for their confirmed plan of liquidation. Consequently, the alleged claims are held by the CMR Trustee, who is not and never has been a party to this action and who has never raised these claim in the CMR Funds cases.

Therefore, because Debtor is not the real party in interest with respect to the claims for alleged fraudulent misrepresentations made to the CMR Funds and their representatives in their chapter 11 cases, Debtor's third claim for fraudulent misrepresentation should be dismissed.

## V.

## CONCLUSION

For the reasons stated above, the Oxford Defendants respectfully request that the Court dismiss Debtor's fraudulent misrepresentation claim in the third claim for relief.

DATED: November 13, 2013           COX, CASTLE & NICHOLSON LLP

By: /s/ Susan S. Davis
Susan S. Davis
Attorneys for Defendants Oxford Investment Partners, L.L.C. and Walter Clarke

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
LOS ANGELES, CA

064792\5794157v1                    - 8 -             RESPONSE TO PLAINTIFF'S MOTION TO DISMISS
                                                                      ADVERSARY PROCEEDING